**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000740
18-JUL-2012
10:17 AM**

NO. CAAP-11-0000740

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CITIBANK, N.A., a third party servicer, Plaintiff-Appellee v.
MARK A. MCMILLAN, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0743(1))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge Fujise and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Defendant-Appellant Mark McMillan (Appellant) has asserted from the Honorable Rhonda I.L. Loo's October 7, 2011 "Order Denying Defendant's Motion to Set Aside Default by Clerk Filed on July 22, 2011" (the October 7, 2011 interlocutory order) because the October 7, 2011 order is not an appealable final order pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees.

Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawai'i has adopted Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) which requires that "[e]very judgment shall be set forth on a <u>separate</u> document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n order disposing of a circuit court case is appealable when the order is reduced to a <u>separate</u> judgment." <u>Alford v. City and Count of Honolulu</u>, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added).

Appellant's motion to set aside the clerk's entry of default was based in part on HRCP 60(b), which expressly authorizes relief "from a final judgment, order, or proceeding. However, the document that Appellant was attempting to set aside, i.e., the circuit court clerk's July 22, 2011 entry of default, was <u>not</u> an independently appealable order or judgment. Although a default *judgment* is an appealable judgment, See <u>Casuga v. Blanco</u>, 99 Hawai'i 44, 51, 52 P.3d 298, 305 (App. 2002), the circuit court clerk's July 22, 2011 entry of default is not a default *judgment*. As the <u>Casuga v. Blanco</u> court explained,

> [p]ursuant to HRCP Rul 55, a judgment by default involves two steps: (1) the entry of default by the court clerk when it is made to appear, by affidavit or otherwise, that a defending party on any claim has failed to plead or otherwise defend; and (2) the entry of default judgment.

<u>Id.</u> at 50, 52 P.3d at 304. The circuit court has not yet taken the second step of entering an appealable default judgment. The circuit court clerk's July 22, 2011 entry of default is not a "judgment," as defined by HRCP Rule 54(a). <u>See</u> HRCP Rule 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). Therefore, the authority for Appellant's motion to set aside the circuit court clerk's July 22, 2011 entry of default was not HRCP Rule 60(b), but, instead, HRCP Rule 55(c), which provides that, "[f]or good cause shown the court may set aside an entry of default[.]" HRCP Rule 55(c) (in part). The October 7, 2011 interlocutory order is thus merely a pre-judgment order denying Appellant's pre-judgment motion to set aside the circuit court clerk's July 22, 2011 entry of default pursuant to HRCP Rule 55(c). This order was not an appealable final order.

Absent the entry of an appealable final order or judgment (such as a default judgment pursuant to HRCP Rule 55), Appellant's appeal from the October 7, 2011 interlocutory order in Appeal No. CAAP-11-0000740 is premature, and we lack appellate jurisdiction. The October 7, 2011 interlocutory order will be eligible for appellate review only when a party asserts a timely appeal from the future entry of an appealable final judgment, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." <u>Ueoka v Szymanski</u>, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). Therefore,

-3-

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000740 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 18, 2012.

Presiding Judge

Associate Judge

Associate Judge